## MOLLIE FINBERG AND ANOTHER v. ST. PAUL GAS LIGHT COMPANY.[1]

February 7, 1919.

No. 21,091.

**Evidence — cost of replacing fixtures admissible.**

1. There was no error in permitting a witness to testify as to the cost of replacing plumbing, fixtures, etc., upon the ground that a sufficient foundation for his testimony had not been laid.

[1]Reported in 170 N. W. 696.

**Refusal to limit verdict to amount of tender — evidence sufficient.**

    2. The evidence sustains the finding of the jury that damages were caused the plaintiffs in excess of the amount admitted by the defendant and there was no error in refusing to limit the verdict to the conceded amount.

Action in the district court for Ramsey county to recover $3,000 for trespass. The facts are stated in the opinion. The case was tried before Haupt, J., who refused defendant's request to limit plaintiffs' recovery to $13.50, and a jury which returned a verdict for $220. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Butler, Mitchell & Doherty,* for appellant.

*William W. Fry,* for respondents.

DIBELL, J.

Action for trespass. Verdict for the plaintiff. Defendant appeals.

Plaintiffs owned two houses in St. Paul. They were in the immediate vicinity of the tracks of the Soo terminals. In 1917 the Soo was enlarging its terminals and acquired title to a number of houses in the vicinity and wrecked them. The defendant claims that under the supposition that the houses of the plaintiff were a part of those acquired and being wrecked by the Soo it entered and took out some of the property which it owned. This supposition was erroneous. It is conceded that there was a trespass.

1. The first assignment claims error in receiving the testimony of one Schmuckler as to the cost of replacing the plumbing, fixtures, etc., belonging to the plaintiffs and taken from the houses. Objection was made that there was not a sufficient foundation laid for his testimony, either as to his knowledge of cost or of the materials removed. An examination of the evidence leads us to believe that he was given sufficient information as to the character of the plumbing, etc., removed, and had sufficient knowledge of value, to give an estimate. At the best this was a rough way of getting at damages, but the court carefully guarded the testimony, and there was no error.

2. The defendant urges that the plaintiffs' recovery should have been limited to the sum of $13.50, which was the cost of replacing the sidewalk and foundation wall made necessary by the conceded trespass.

The evidence leaves the precise amount of damages attributable to the defendant in considerable uncertainty. We do not think, however, that it was for the court as a matter of law to say that $13.50 measured the damages for which the defendant was responsible. It may be that the jury was too liberal. There was a jury question, the trial court approves the verdict, and we have no quarrel with it.

Order affirmed.